UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL MANOS,

        Plaintiff,

  -against-                              9:03-CV-0002
                                                      (FJS/DRH)
                                                      (LEAD CASE)

GLENN S. GOORD; DALE ARTUS; DANIEL A.
SENKOWSKI; STAN BERG; RICHARD ROY; VINNIE
BEZIO; "JOHN" DUNLEVY; THERESA KNAPP-DAVID;
DONALD SELSKY; SHARON BENSON-PERRY; and
JOHN and JANE DOE #1-20, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

        Defendants.
_____

MICHAEL MANOS,

        Plaintiff,

  -against-                              9:03-CV-1512
                                                          (LEK/DRH)
                                                      (MEMBER CASE)

RICHARD ROY; "JOHN" KENDRA; VINNIE
BEZIO; "JOHN" DUNLEVY; and JOHN and
JANE DOE #1-20, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

        Defendants.
_____

## CONSOLIDATION ORDER

      Defendants Richard Roy ("Roy"), Gary Kendra ("Kendra"), James Bezio ("Bezio"), and

Patrick Dunlevy ("Dunlevy") (collectively the "Defendants") filed a motion pursuant to Federal

1

Rule of Civil Procedure 12(b)(6), to dismiss all claims that occurred prior to November 1, 2000 contained in Plaintiff Michael Manos' ("Manos" or "Plaintiff") second amended complaint in Case No. 03-CV-1512. For the following reasons, the Court orders that this case be consolidated with Case No. 03-CV-02 currently pending before Chief Judge Scullin.

## I.    BACKGROUND

Plaintiff has filed related claims in two separate complaints. Plaintiff initially filed Case No. 03-CV-02 ("*Manos I*") in the Northern District of New York on January 2, 2003. Complaint (*Manos I*, Dkt. No. 1). The complaint was amended on December 8, 2003. Amended Complaint (*Manos I*, Dkt. No. 75). Plaintiff names Roy, the Inspector General for the New York State Department of Corrections ("DOC"), along with Dunlevy and Bezio, who are investigators for the Inspector General's office, as defendants.[1] Id. at ¶¶ 15-17. In the amended complaint, Plaintiff alleges that in a continuous course of action beginning in 1989 to the present, defendants forced Plaintiff, a prisoner, to act as an informant against both guards and inmates throughout the New York State correctional system and have failed to protect him from the repercussions thereof, which include serious physical and psychological injury. Id. at ¶ 2. The complaint contains three claims for relief: (1) that defendants deprived Plaintiff of the rights, privileges and immunities secured by the Constitution in violation of 42 U.S.C. § 1983 (Id. at ¶ 70); (2) that defendants failed to protect Plaintiff despite their knowledge that Plaintiff was at substantial risk

---

[1] Plaintiff also names as defendants: Glenn Goord, Commissioner of New York State DOC; Theresa Knapp-David, Director of Classification and Movement for the New York State DOC; Stan Berg, Assistant Superintendent of Clinton Correctional Facility ("Clinton"); Sharon Benson-Perry, Corrections Counselor at Clinton; Dale Artus, Superintendent of Clinton; Daniel Senkowski, prior Superintendent of Clinton; and Donald Selsky, Director of Special Housing for the New York State DOC. See Amended Complaint (*Manos I*, Dkt. No. 75) at ¶¶ 11-20.

2

of harm (Id. at ¶ 78); and (3) that defendants deprived Plaintiff of the minimal civilized measure of life's necessities amounting to cruel and unusual conditions of confinement (Id. at ¶ 81).  In support of his complaint, Plaintiff states that as a result of defendants' actions, while incarcerated at Clinton Correctional Facility, Plaintiff was stabbed in the chest and cut in the face on or about April 4, 1996 (Id. at ¶ 30), was repeatedly sexually and physically assaulted between May and December 1996 (Id. at ¶ 33), was kicked down a flight of stairs, cut and repeatedly assaulted in 1999 (Id. at ¶ 48), was sexually assaulted between August 2002 and October 2002 (Id. at ¶ 59), was cut on the face on neck on October 6, 2002 (Id. at ¶ 60), and was sexually assaulted on October 18, 2003 (Id. at ¶ 65).  Additionally, Plaintiff alleges that as a result of defendants' action, he was sexually assaulted between December 2001 and March 2002 while at Shawangunk Correctional Facility.  Id. at ¶ 52.  On April 22, 2004, defendants Goord, Roy, Dunlevy, Knapp-David, Berg, and Benson-Perry filed a motion to dismiss contending that all allegations of wrongdoing occurring before January 2, 2000 are barred by the statute of limitations.  Motion to Dismiss (*Manos I*, Dkt. No. 86).  Plaintiff opposes this motion by alleging that the statute of limitations is not a bar because defendants engaged in a continuous course of conduct and cites to factual allegations contained in the complaint of Case No. 03-CV-1512 ("*Manos II*").  Plaintiff's Memo. (*Manos I*, Dkt. No. 97) at 3-4.  This motion to dismiss is currently pending before Chief Judge Scullin.

      The case currently before this Court, Case No. 03-CV-1512 or *Manos II*, was originally filed with the Western District of New York on December 23, 2003.  Complaint (*Manos II*, Dkt. No. 1).  The case was transferred to this Court on December 29, 2003 and Plaintiff filed an

amended complaint on April 16, 2004. Second Amended Complaint (*Manos II*, Dkt. No. 8). As in *Manos I*, Roy, Dunlevy, and Bezio are named as Defendants, along with Kendra, also an investigator in the Inspector General's Office. In the second amended complaint, Plaintiff allegations are the same as in *Manos I*; that in a continuous course of action beginning in 1989 to the present, Defendants forced Plaintiff to act as an informant and have failed to protect him from the repercussions. Id. at ¶ 2. The claims for relief are exactly the same; that Defendants deprived Plaintiff of the rights, privileges and immunities secured by the Constitution in violation of 42 U.S.C. § 1983 (Id. at ¶ 41) and that Defendants failed to protect Plaintiff despite their knowledge that Plaintiff was at substantial risk of harm (Id. at ¶ 49). In support of this complaint, Plaintiff states that as a result of Defendants' actions, on or about January 12, 1997, while incarcerated at Elmira Correctional Facility, Plaintiff sustained a nine-inch laceration to his face and neck (Id. at ¶ 25), and on or about January 18, 1997, he sustained multiple burns to his back, chest and arm (Id. at ¶ 26). Additionally, Plaintiff alleges that on or around February 1997, while incarcerated at Attica Correctional Facility, as a result of Defendants' actions, Plaintiff attempted suicide. Id. at ¶ 30. On December 20, 2004, Defendants filed a motion to dismiss contending that all allegations of wrongdoing occurring before November 1, 2000 are barred by the statute of limitations. Motion to Dismiss (*Manos II*, Dkt. No. 20). Plaintiff opposes this motion by alleging that the statute of limitations is not a bar because Defendants engaged in a continuous course of conduct and cites factual allegations contained in the complaint in *Manos I* to support his position. Plaintiff's Memo. (*Manos II*, Dkt. No. 27) at 3-4.

4

**II.     DISCUSSION**

Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a join hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

A district court can consolidate related cases under Rule 42(a) *sua sponte.* Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). In applying Rule 42(a), courts have stressed that the purpose of joining actions is to promote convenience and judicial economy. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1973); Katz v. Realty Equities Corp., 521 F.2d 1354, 1358 (2d Cir. 1975). The objectives of convenience and judicial economy cannot be pursued at the sacrifice of fairness to all the parties. Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993).

A review of the complaints in both *Manos I* and *Manos II* reveals that Plaintiff's allegations are the same; that in a continuous course of action that began in 1989, agents of the Inspector General's Office forced Plaintiff to act as an informant throughout the New York State correctional system and have failed to protect him for the repercussions. *Manos I* merely states the alleged injuries suffered by Plaintiff while incarcerated at Clinton and Shawangunk Correctional Facilities, while *Manos II* states the alleged injuries Plaintiff suffered while incarcerated at Elmira, Attica, and Wende Correctional Facilities. Consolidation is particularly appropriate on these facts. As a result of the overlapping parties and common questions of law, consolidation would serve the objectives of convenience and judicial economy. The Court does

5

not anticipate any unfairness to the parties as a result of consolidation.  Since the two cases pending in the Northern District of New York meet the test for consolidation, an order of consolidation will be entered.

As a result of *Manos I* being the first filed case, it is designated as the lead case, while *Manos II* is designated the member case.  This Court makes no ruling on the pending motion to dismiss the complaint in *Manos II*.

### III.    CONCLUSION

Accordingly, it is hereby

ORDERED that pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Manos I*, Case No. 03-CV-02, and *Manos II*, Case No. 03-CV-1512, are **CONSOLIDATED**; and therefore, *Manos II*, is reassigned to Chief Judge Scullin as *Manos I*, the first-filed of these two actions, is currently pending before him, it is further

ORDERED that the Clerk of the Court amend the docket in this consolidated action to designate *Manos I*, Case No. 03-CV-02, as the lead action and *Manos II*, Case No. 03-CV-1512, as the member action, and instruct the parties that they shall file all papers in this consolidated action in the lead case only; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED: May 20, 2005  
Albany, New York

_____  
Lawrence E. Kahn  
U.S. District Judge