**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL MANOS,

                Plaintiff,

v.                                       No. 03-CV-2
                                                (FJS/DRH)

GLENN S. GOORD, Commissioner of Corrections;
RICHARD ROY, Inspector General of Corrections;
JOHN DUNLEVY, Agent of the Inspector General;
THERESA KNAPP-DAVID, Director of Classification
& Movement of Corrections; STAN BERG, Asst.
Deputy Superintendent at Clinton Correctional
Facility; SHARON BENSON-PERRY, Corrections
Counselor at Clinton Correctional Facility; DALE
ARTUS; DANIEL A. SENKOWSKI; VINNIE BEZIO;
and DONALD SELSKY,

                              Defendants.

---

MICHAEL MANOS,

                Plaintiff,

v.                                       No. 03-CV-1512
                                                (FJS/DRH)

RICHARD ROY, Inspector General of Corrections;
JOHN KENDR, Agent and Sr. Investigator of the
Inspector General; VINNIE BEZIO, Investigator
of the Inspector General; JOHN DUNLEVY,
Agent of Inspector General; and DOES, JOHN &
JANE #1-20,

                              Defendants.

---

**APPEARANCES:**                    **OF COUNSEL:**

MICHAEL MANOS
Plaintiff Pro Se
40 East Dorsey Lane
Poughkeepsie, New York 12601

1

| | |
|---|---|
| HON. ANDREW M. CUOMO<br>Attorney General for the<br>  State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | CHRISTINA L. ROBERTS-RYBA, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Michael Manos ("Manos"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought these two consolidated actions pursuant to 42 U.S.C. § 1983 alleging that defendants, various DOCS employees, violated his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Amend. Compl. (Docket No. 75) at ¶ 70.[2] Presently pending is defendants' motion to dismiss both actions pursuant to Fed. R. Civ. P. 41(b). Docket No. 116. Manos has not responded to the motion. For the following reasons, it is recommended that defendants' motion to dismiss be granted and that both actions be dismissed.

### I. Background

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] Unless otherwise indicated, all references to a docket are to the docket entries for Docket No. 03-CV-2 (FJS/DRH).

2

Manos commenced these consolidated actions[3] pro se while in the custody of DOCS. Manos thereafter retained counsel. See Docket No. 70. Manos alleged that "defendants "forced [him] to act as an informant against both guards and inmates . . . and have failed to protect him from the repercussions thereof, which include serious physical and psychological injury." Amend. Compl. at ¶ 2.

On December 14, 2004, Manos was released from DOCS custody to parole supervision. See Holohan Affirm. (Docket No. 116, attachment 3) at ¶¶ 3, 5; Docket No. 116, attachment 4. "According to the Walter law firm, Manos has had no contact with anyone from the firm since approximately January 2005 and has absconded from parole supervision." Docket No. 115. The Walter law firm has successfully moved to withdraw from representing Manos on this ground and defendants have now moved to dismiss. Id.; Docket No. 116. The undersigned set a response deadline for Manos' response to defendants' motion. Docket No. 117. Manos has not responded and the dockets reveal no other contact with Manos since July 22, 2003. Docket No. 68.

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b). Since a Rule 41(b) dismissal is a "harsh remedy," it is

---

[3]The actions were consolidated in an order filed May 20, 2005. Docket No. 110.

"appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

In these cases, Manos has failed to comply with the Court's order to respond to defendants' motion or adequately to prosecute these cases. Manos was formerly represented by counsel with whom he failed to remain in contact. His counsel actively pursued these actions. However, Manos ceased all communications with counsel over two years ago preventing counsel from continuing to represent him in these actions. Therefore, the duration of Manos' failure is extensive. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). No end to Manos' inaction appears in sight since he has also absconded from parole.

The Court cannot proceed without Manos' cooperation and communication, which have been absent for an extended amount of time. Additionally, the Court provided adequate time and notice to Manos as to the response date for defendants' motion, which

4

Manos completely ignored. Any additional delay in the prosecution of these cases, both of which have now been pending for over four years, would be unduly prejudicial to defendants. Thus, even though dismissal is a harsh remedy, Manos' unexplained failures reveal an abandonment of these actions.

Therefore, the motion on this ground should be granted.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss the two above-captioned consolidated actions (Docket No. 116) be **GRANTED** as to all claims and all defendants in both actions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: December 18, 2007
      Albany, New York

_David R. Homer_
United States Magistrate Judge